NEIL C. EVANS   (State Bar No. 105669)
LAW OFFICES OF NEIL C. EVANS
13351 D Riverside Drive, Ste. 612
Sherman Oaks, CA 91423
(818) 802-8333

Attorney for DEFENDANT
CREDITORS SPECIALTY SERVICE, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN TOMLIN, | Case No.: 2:15-cv-08544-JRW |
| Plaintiff, | RESPONSE TO OSC RE SANCTIONS AND DECLARATION OF NEIL C. EVANS IN RESPONSE TO OSC RE SANCTIONS |
| vs. | |
| CREDITORS SPECIALTY SERVICE, ET AL., | |
| Defendants. | |

Defendant hereby responds to the OSC re Sanctions against lead counsel, for the reasons set forth in the attached Declaration of Neil C. Evans.

Defendant has also filed this date a Notice that Defendant CREDITORS SPECIALTY SERVICE, INC. ("Defendant"), filed a Chapter 11 Bankruptcy on August 11, 2016, as Case No.: 2:16-bk-20721, in the United States Bankruptcy Court, Central District, which Bankruptcy is still pending, and that this action is presently stayed as a result of this

filing.

Dated: October 4, 2016

                LAW OFFICES OF NEIL C. EVANS

                By: /s/ Neil C. Evans
                    NEIL C. EVANS
                Attorney for Defendant
                CREDITORS SPECIALTY SERVICE, INC.

## DECLARATION OF NEIL C. EVANS

I, NEIL C. EVANS, declare:

1. I am an attorney at law, licensed to practice before all of the Courts of the State of California and of this Central District of the State of California, and I am attorney of record for the sole Defendant in this action, Creditors Specialty Service, Inc.

2. The parties were diligently conducting settlement negotiations in May, June, and July, 2016, and had agreed to a dollar amount of settlement ($3,000.00) before the deadline to complete ADR under the Trial Management Order(s), but had not concluded the terms by which that amount would be paid. These negotiations had occurred directly between counsel, who have had an amicable relationship and did not believe that the time and expense of a formal mediation was necessary. The inability to consummate the settlement was not the fault of either lead counsel; Defendant was experiencing financial difficulties which prevented me from committing to a precise payment arrangement for the $3,000 settlement. These financial difficulties were the only obstacle to settlement and there was no other obstacle to settlement.

3. On August 11, 2016, I filed a Chapter 11 Bankruptcy for Defendant Creditors Specialty Service, Inc. as Case No. 2:16-bk-20721. That proceeding is still pending. Because of the volume of work associated with the Chapter 11

filing, I erred and failed to file a Notice of Bankruptcy Filing and Stay in this action. This oversight was not intentional and I have now cured that oversight. It was solely the result of the rather overwhelming filing requirements for this proceeding and an erroneous belief that such filing had already occurred in this action. There are/were over 10 actions pending of a similar nature against my client and I thought I had filed the Notice in this action along with many others.

4. I respectfully request that the Court discharge the OSC against counsel based upon the foregoing facts and events.

5. I apologize for any delay in filing the Notice of Bankruptcy Filing to the Court and counsel.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed at Los Angeles, California on October 4, 2016.

_____
NEIL C. EVANS